# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> FKT RESORT MANAGEMENT LLC; ) <br> FKT BAYLEY FAMILY LIMITED ) <br> PARTNERSHIP; FRED W. BAYLEY; ) <br> KATHLEEN M. BAYLEY; THOMAS R. ) <br> BAYLEY; BAYLEY HILL DEER & ) <br> TROUT FARM, INC.; and BAYLEY'S ) <br> CAMPGROUND, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. _____ <br><br><br><br> **COMPLAINT** |

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## I.   NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against FKT Resort Management LLC, FKT Bayley Family Limited Partnership, Fred W. Bayley, Kathleen M. Bayley, Thomas R. Bayley, Bayley Hill Deer & Trout Farm, Inc., and Bayley's Campground, Inc. ("Defendants") for the discharge of pollutants into waters of the United States without authorization on property referred to herein as the "Ross Road Site," located in the towns of Scarborough (Map/Lot Number R086001) and Old Orchard Beach (Map/Book/Lot Number 101/1/16), Maine, and the "Campground Site," located in the town of Scarborough (Map/Lot

Number R087018), Maine, in violation of Sections 301(a) and 404 of the CWA, 33 U.S.C. §§ 1311(a) and 1344.  See Exhibits A (Aerial Photograph of Ross Road Site) and B (Aerial Photograph of Campground Site).

2.     In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA sections 309(d), 33 U.S.C. § 1319(d).

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4.     Venue is proper in the District of Maine pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1395, because the Defendants conduct business in this District, the subject property is located in this District, the violations alleged herein occurred in this District, and the penalty sought by the United States accrued in this District.

5.     Notice of the commencement of this action has been given to the State of Maine pursuant to CWA sections 309(b), 33 U.S.C. § 1319(b).

## III.     THE PARTIES

6.     The Plaintiff in this action is the United States of America.  Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519,

and in accordance with CWA sections 309(b), 309(d) and 506, 33 U.S.C. §§ 1319(b), 1319(d), and 1366.

7. Defendant Fred W. Bayley is a private individual residing at 27 Ross Road, Scarborough, Maine, 04074. Fred W. Bayley is the co-owner of the Ross Road Site and was a co-owner of the Campground Site when unpermitted discharges of dredged and/or fill material into waters of the United States occurred. In addition, Fred W. Bayley controls and/or directs the activities of business entities and/or other individuals that operate at the Ross Road Site and the Campground Site. Fred W. Bayley performed and/or directed work that resulted in the unpermitted discharge of dredged and/or fill material into wetlands on the Ross Road and Campground Sites. The United States brings this action against Fred W. Bayley in his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Ross Road and Campground Sites.

8. Defendant Kathleen M. Bayley is a private individual residing at 27 Ross Road, Scarborough, Maine, 04074. Kathleen M. Bayley is the co-owner of the Ross Road Site and was a co-owner of the Campground Site when unpermitted discharges of dredged and/or fill material into waters of the United States occurred. In addition, Kathleen M. Bayley controls and/or directs the activities of business entities and/or other individuals that operate at the Ross Road Site and the Campground Site. The United States brings this action against Kathleen M. Bayley in her individual capacity and on the basis of her responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Ross Road and Campground Sites.

9. Defendant Thomas R. Bayley is a private individual residing at 52 Ross Road, Scarborough, Maine, 04074. Thomas R. Bayley performed and/or directed work that resulted in the unpermitted discharge of dredged and/or fill material into wetlands on the Ross Road and Campground Sites. In addition, Thomas R. Bayley controls and/or directs the activities of business entities and/or other individuals that operate at the Campground Site. The United States brings this action against Thomas R. Bayley in his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Ross Road and Campground Sites.

10. Defendant Bayley Hill Deer & Trout Farm, Inc. is a privately held corporation incorporated in the State of Maine on July 16, 1992. Bayley Hill Deer & Trout Farm, Inc. conducts business in the District of Maine and has a business address of 27 Ross Road, Scarborough, Maine, 04074. Fred W. Bayley and Kathleen M. Bayley are the sole directors and officers of Bayley Hill Deer &Trout Farm, Inc. Between approximately 1993 and 2007, Bayley Hill & Trout Farm, Inc. operated a sport hunting resort on the Ross Road Site. Unpermitted discharges of dredged and/or fill material into waters of the United States on the Ross Road Site and Campground Site resulted from the business operations of Bayley Hill & Trout Farm, Inc. The United States brings this action against Bayley Hill Deer & Trout Farm, Inc. on the basis of its responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Ross Road Site and Campground Site.

11. Defendant FKT Bayley Family Limited Partnership is a limited partnership formed in the State of Maine on October 29, 2009. FKT Bayley Family Limited Partnership conducts

business in the District of Maine and has a business address of 27 Ross Road, Scarborough, Maine, 04074.  Fred W. Bayley, Kathleen M. Bayley, and Thomas R. Bayley are the sole limited partners of FKT Bayley Family Limited Partnership.  FKT Bayley Family Limited Partnership has owned the Campground Site since approximately December 7, 2009.  Unpermitted discharges of dredged and/or fill material into waters of the United States occurred on property owned and controlled by the FKT Bayley Family Limited Partnership.  The United States brings this action against FKT Bayley Family Limited Partnership on the basis of its responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Campground Site and possibly the Ross Road Site.

12. Defendant FKT Resort Management LLC is a limited liability company with a business address of 27 Ross Road, Scarborough, Maine, 04074.  It was formed in the State of Maine on October 29, 2009, and conducts business in the District of Maine.  FKT Resort Management LLC is the general partner of FKT Bayley Family Limited Partnership.  Fred W. Bayley is the sole member-manager of the FKT Resort Management LLC.  The United States brings this action against FKT Resort Management LLC on the basis of its responsibility as the general partner of FKT Bayley Family Limited Partnership for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Campground Site and possibly the Ross Road Site.

13. Defendant Bayley's Campground, Inc. is a privately held corporation originally incorporated in the State of Maine on March 10, 1965 under the name "Kathleen & Julie, Inc."  Bayley's Campground, Inc. conducts business in the District of Maine and has a business address of 52 Ross Road, Scarborough, Maine, 04074.  Fred W. Bayley and Kathleen M. Bayley are the

5

sole directors of Bayley's Campground, Inc.  Fred W. Bayley, Kathleen M. Bayley, and Thomas R. Bayley each serve as officers of Bayley's Campground, Inc.  From approximately 1970 to the present, Bayley's Campground, Inc. has operated a camping resort on property in Scarborough, Maine, that includes the Campground Site and is the owner of mechanized equipment used on both the Ross Road Site and Campground Site.  Unpermitted discharges of dredged and/or fill material into waters of the United States on the Campground Site and Ross Road Site resulted from the business operations of Bayley's Campground, Inc.  The United States brings this action against Bayley's Campground, Inc. on the basis of its responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material into waters of the United States on the Campground Site and the Ross Road Site.

14. At all times relevant to the Complaint, one or more of the Defendants owned, leased, or otherwise controlled the real property that is the subject of this Complaint, and/or otherwise controlled the discharges of pollutants into waters and wetlands on such property.

## IV.    STATUTORY AND REGULATORY AUTHORITY

15. Sections 301(a) and 404(a) of the CWA, 33 U.S.C. §§ 1311(a), 1344(a), prohibit the discharge of pollutants, including dredged and fill material, into navigable waters except in compliance with, <u>inter alia</u>, a permit issued by the Army Corps of Engineers pursuant to CWA section 404, 33 U.S.C. § 1344.

16. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

17. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include, inter alia, "any addition of any pollutant to navigable waters from any point source."

18. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, and sand.

19. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

20. 40 C.F.R. §§ 230.3, 232.2 and 33 C.F.R. § 328.3 define "waters of the United States" to include, inter alia: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters subject to the ebb and flow of the tide; (ii) all interstate waters; (iii) tributaries of such waters; and (iv) wetlands adjacent to such waters or their tributaries.

21. 40 C.F.R. §§ 230.3, 232.2 and 33 C.F.R. § 328.3 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

22. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

23. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include, inter alia, "an individual, corporation, partnership [or] association."

24. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

25. CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

26. Each day that dredged or fill material remains in the place where it is discharged without authorization constitutes a separate violation of CWA section 301(a), 33 U.S.C. §1311(a).

## V.   STATUTORY VIOLATIONS ALLEGED

### A.  GENERALLY APPLICABLE ALLEGATIONS

27. The State of Maine has designated more than 3,000 acres of tidally influenced marshes surrounding the Scarborough River and several closely associated freshwater wetlands, including those in the Towns of Scarborough and Old Orchard Beach, the Scarborough Marsh Focus Area of Statewide Ecological Significance.  Exhibit C.

28. The Ross Road Site and the Campground Site are located within the Scarborough Marsh Focus Area.  Exhibit D.

29. Jones Creek is located within the Scarborough Marsh Focus Area and is south of the Ross Road and the Campground Sites.  Jones Creek is subject to the ebb and flow of the tide. Jones Creek flows into the Scarborough River, which then empties into Saco Bay, an embayment of the Atlantic Ocean.  Jones Creek, the Scarborough River, Saco Bay and the Atlantic Ocean are each "waters of the United States" within the meaning of the CWA and regulations promulgated thereunder.  40 C.F.R. §§ 230.3, 232.2; 33 C.F.R. § 328.3.

### B.  THE ROSS ROAD SITE

30. The Ross Road Site is located in the State of Maine north of Ross Road on the Scarborough/Old Orchard Beach town line and the Cumberland County/York County line.  The Ross Road Site is less than a mile from the Atlantic Ocean and situated within the Scarborough Marsh Focus Area.   Exhibit D.

31.     Prior to the unauthorized discharges described in Paragraphs 39, 61, and 62, the Ross Road Site contained forested freshwater wetlands and several unnamed tributaries to Jones Creek.

32.     The present and former wetlands and tributaries on the Ross Road Site are and were "waters of the United States" within the meaning of the CWA and regulations promulgated thereunder.  40 C.F.R. §§ 230.3, 232.2; 33 C.F.R. § 328.3.

33.     Aerial photography analysis and field observation indicate that prior to the unauthorized discharges referenced in Paragraphs 39, 61, and 62, at least three of the tributaries on the Ross Road Site were relatively permanent bodies of water that flowed and/or possessed a significant nexus to Jones Creek.  These tributaries are labeled Tributaries 1, 2, and 3 on Exhibit E.

34.     Aerial photography analysis and field observation indicate that prior to the unauthorized discharges referenced in Paragraphs 39, 61, and 62, wetlands on the Ross Road Site directly abutted and had a continuous surface connection with one or more of the relatively permanent tributaries to Jones Creek.

35.     Prior to the unauthorized discharges referenced in Paragraphs 39, 61, and 62, the impacted wetlands and tributaries at the Ross Road Site exhibited flow characteristics and ecological functions that, when considered alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of Jones Creek, the Scarborough River, and Saco Bay.  Specifically, the impacted wetlands and tributaries, alone and in combination with similarly situated lands in the region, provided important ecological functions, including, but not limited to, nutrient export to marine food webs; purification of surface water run-off prior to discharge into Jones Creek, the Scarborough River, Saco Bay, and the Atlantic Ocean; and valuable plant and wildlife habitat.

36. At all times relevant to this Complaint, the Ross Road Site has been owned and controlled by Fred W. Bayley, Kathleen M. Bayley, and/or Bayley Hill Deer & Trout Farm, Inc. Specifically, the land comprising the Ross Road Site was purchased by Fred W. Bayley and Kathleen M. Bayley in 1970. Between 1993 and 2007, and possibly during other periods, Fred W. Bayley, Kathleen M. Bayley, and/or Bayley Hill Deer & Trout Farm, Inc. operated a sport hunting resort on the Ross Road Site. Fred W. Bayley and Kathleen M. Bayley retained ownership of the property comprising the Ross Road Site during operation of the sport hunting resort and are the current owners of the Ross Road Site.

37. Fred W. Bayley, Kathleen M. Bayley, Thomas R. Bayley, Bayley Hill Deer & Trout Farm, Inc., Bayley's Campground, Inc., and possibly other named Defendants (collectively "Ross Road Defendants") conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges referenced in Paragraphs 39, 61, and 62 .

38. The Ross Road Defendants are jointly and severally responsible for some or all of the unauthorized discharges referenced in Paragraphs 39, 61, and 62.

39. At various times between 1980 and the present, one or more of the Ross Road Defendants, and/or persons acting on their behalf, discharged dredged and/or fill material into up to approximately 77 acres of wetlands and approximately 3,773 linear feet of tributaries that are waters of the United States on the Ross Road Site.

40. Each of the Ross Road Defendants is "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

41. The dredged or fill material that the Ross Road Defendants, and/or persons acting on their behalf, caused to be discharged into waters of the United States on the Ross Road Site

included, among other things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

42. The Ross Road Defendants and/or persons acting on their behalf, used excavators, bulldozers, trucks, mechanized rakes, and/or other earth-moving equipment to accomplish the discharges on the Ross Road Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

43. The Ross Road Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged and/or fill material into waters of the United States on the Ross Road Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

44. The Ross Road Defendants have allowed pollutants to remain in waters of the United States at the Ross Road Site.

### C. THE CAMPGROUND SITE

45. The Campground Site is located entirely in the Town of Scarborough, York County, Maine. The Campground Site is approximately a half mile from the Atlantic Ocean and is situated within the Scarborough Marsh Focus Area. Exhibit D.

46. Prior to the unauthorized discharges referenced in Paragraphs 54, 66, and 67, the Campground Site contained forested freshwater wetlands and several unnamed tributaries to Jones Creek.

47. The present and former wetlands and tributaries on the Campground Site are and were "waters of the United States" within the meaning of the CWA and regulations promulgated thereunder. 40 C.F.R. §§ 230.3, 232.2; 33 C.F.R. § 328.3.

48.     Aerial photography analysis and field observation indicate that prior to the unauthorized discharges referenced in Paragraphs 54, 66, and 67, at least two of the tributaries on the Campground Site were relatively permanent bodies of water that flowed and/or possessed a significant nexus to Jones Creek.  These tributaries are labeled Tributaries 4 and 5 on Exhibit E. In addition, aerial photography analysis and field observation indicate that prior to the unauthorized discharges referenced in Paragraphs 54, 66, and 67, the unnamed tributary that runs along the western edge of the Campground Site, labeled Tributary 3 on Exhibit E, was a relatively permanent body of water that flowed into and/or possessed a significant nexus to Jones Creek.

49.     Aerial photography analysis and field observation indicate that prior to the unauthorized discharges described in Paragraphs 54, 66, and 67, the wetlands on the Campground Site directly abutted and had a continuous surface connection with one or more of the relatively permanent tributaries to Jones Creek and/or to Jones Creek itself.

50.     Prior to the unauthorized discharges described in Paragraphs 54, 66, and 67, the impacted wetlands and tributaries at the Campground Site exhibited flow characteristics and ecological functions that, when considered alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of Jones Creek, the Scarborough River, and Saco Bay.  Specifically, the impacted wetlands and tributaries, alone and in combination with similarly situated lands in the region, provided important ecological functions, such as nutrient export to marine food webs; purification of surface water run-off prior to discharge into Jones Creek, the Scarborough River, Saco Bay, and the Atlantic Ocean; and valuable plant and wildlife habitat.

51.     At all times relevant to this Complaint, the Campground Site has been owned and controlled by Fred W. Bayley, Kathleen M. Bayley, Thomas R. Bayley, FKT Bayley Family

Limited Partnership, and/or FKT Resort Management LLC.  Specifically, the property comprising the Campground Site was purchased by Fred W. Bayley and Kathleen M. Bayley in or around 1984.  On or around December 6, 2006, Fred W. Bayley and Kathleen M. Bayley transferred partial ownership of the Campground Site to Thomas R. Bayley.  On or around December 7, 2009, Fred W. Bayley, Kathleen M. Bayley, and Thomas R. Bayley transferred ownership of the Campground Site to FKT Bayley Family Limited Partnership.  FKT Resort Management LLC is the general partner of FKT Bayley Family Limited Partnership.

52. Fred W. Bayley, Kathleen M. Bayley, Thomas R. Bayley, FKT Bayley Family Limited Partnership, FKT Resort Management LLC, Bayley's Campground, Inc., and Bayley Hill Deer & Trout Farm, Inc. (collectively "Campground Defendants") conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges at issue in Paragraphs 54, 66, and 67.

53. The Campground Defendants are jointly and severally responsible for some or all of the unauthorized discharges referenced in Paragraphs 54, 66, and 67.

54. At various times between 1984 and the present, one or more of the Campground Defendants, and/or persons acting on their behalf, discharged dredged and/or fill material into approximately 18 acres of wetlands and approximately 1,082 linear feet of tributaries that are waters of the United States on the Campground Site.

55. Each of the Campground Defendants is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

56. The dredged or fill material that the Campground Defendants, and/or persons acting on their behalf, caused to be discharged into waters of the United States on the Campground Site

13

included, among other things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

57. The Campground Defendants, and/or persons acting on their behalf, used excavators, bulldozers, trucks, mechanized rakes, and/or other earth-moving equipment to accomplish the discharges on the Campground Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

58. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged and/or fill material into waters of the United States on the Campground Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

59. The Campground Defendants have allowed pollutants to remain in waters of the United States at the Campground Site.

## COUNT ONE – ROSS ROAD SITE

60. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 59.

61. At various times between 1980 and the present, one or more of the Ross Road Defendants, and/or persons acting on their behalf, discharged dredged and/or fill material from a point source into up to approximately 77 acres of wetlands and approximately 3,773 linear feet of other waters of the United States on the Ross Road Site without a permit or authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

62. The unauthorized activities on the Ross Road Site at issue in Paragraphs 39 and 61 include, but are not limited to: (a) the discharge of dredged and/or fill material into wetlands and/or other waters of the United States associated with the mechanized land-clearing, stumping, grubbing, filling, and/or grading of forested freshwater wetlands on the Ross Road Site; (b) the

discharge of dredged and/or fill material into wetlands and/or other waters of the United States associated with the excavation and redeposition of materials related to the construction of four ponds on the Ross Road Site; and (c) the discharge of dredged and/or fill material into Tributaries 1, 2, and 3 and/or other waters of the United States associated with the installation of culverts and/or drainage structures at various locations on the Ross Road Site.

63. The Ross Road Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Ross Road Site.

64. Unless enjoined, the Ross Road Defendants are likely to continue to discharge dredged and/or fill material into and/or to allow dredged or fill material to remain in wetlands and other waters of the United States on the Ross Road Site in violation of CWA section 301, 33 U.S.C. § 1311.

## COUNT TWO – CAMPGROUND SITE

65. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 64.

66. At various times between 1980 and the present, one or more of the Campground Defendants, and/or persons acting on their behalf, discharged dredged and/or fill material from a point source into approximately 18 acres of wetlands and approximately 1,082 linear feet of relatively permanent tributaries that are waters of the United States on the Campground Site without a permit or authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

67. The unauthorized activities on the Campground Site at issue in Paragraph 54 and 66 include, but are not limited to: (a) the discharge of dredged and/or fill material into wetlands and/or other waters of the United States associated with the mechanized land-clearing, stumping, grubbing, filling and/or grading of forested freshwater wetlands on the Campground Site; (b) the

discharge of dredged and/or fill material into wetlands and waters of the United States associated with the excavation and redeposition of materials related to the construction of one or more ponds on the Campground Site; (c) the discharge of dredged and/or fill material into Tributary 5 and/or other waters of the United States associated with the installation of culverts and/or drainage structures at various locations on the Campground Site; and (d) the discharge of dredged and/or fill material into wetlands and/or other waters of the United States for the construction of campsites and playing courts on the Campground Site.

68. The Campground Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Campground Site.

69. Unless enjoined, the Campground Defendants are likely to continue to discharge dredged and/or fill material into and/or to allow dredged or fill material to remain in wetlands and other waters of the United States on the Campground Sites in violation of CWA section 301, 33 U.S.C. § 1311.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendants be permanently enjoined from discharging or causing the discharge of dredged and/or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the EPA, to effect complete restoration of the Sites, and/or to conduct compensatory mitigation for environmental damage, as appropriate;

3. That Defendants be assessed pursuant to CWA sections 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a).

4. That the United States be awarded costs and disbursements in this action; and

5. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
Division

*s/ Amy J. Dona*
AMY J. DONA
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-0223

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY
District of Maine

*s/ John G. Osborn*
JOHN G. OSBORN
Assistant United States Attorney
District of Maine
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257

Dated:  September 28, 2016

OF COUNSEL:

LAURA J. BEVERIDGE
Enforcement Counsel
United States Environmental Protection Agency

Office of Environmental Stewardship, Region I
Five Post Office Square, Suite 100
Boston, MA 02109-3912
(617) 918-1345

JAMES VINCH
Attorney-Advisor
United States Environmental Protection Agency
Office of Compliance and Enforcement Assurance
1200 Pennsylvania, Ave., NW
Washington, DC 20460
(202) 564-1256

## **LIST OF EXHIBITS TO THE COMPLAINT**

A. 2013 Aerial Photograph of Ross Road Site

B. 2013 Aerial Photograph of Campground Site

C. State of Maine Description of the Scarborough Marsh Focus Area of Statewide Ecological Significance

D. Aerial Photograph of the Ross Road and Campground Sites with overlay showing location of Scarborough Marsh Focus Area

E. 1980 Aerial Photograph of Ross Road and Campground Sites with overlay showing tributaries to Jones Creek prior to unpermitted discharges