## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FKT RESORT MANAGEMENT LLC;<br>FKT BAYLEY FAMILY LIMITED<br>PARTNERSHIP; FRED W. BAYLEY;<br>KATHLEEN M. BAYLEY; THOMAS R.<br>BAYLEY; BAYLEY HILL DEER &<br>TROUT FARM, INC.; and BAYLEY'S<br>CAMPGROUND, INC.,<br><br>Defendants. | Civil Action No. 2:16-cv-00496-JAW |

---

### CONSENT DECREE

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against FKT Resort Management LLC, FKT Bayley Family Limited Partnership, Fred W. Bayley, Kathleen M. Bayley, Thomas R. Bayley, Bayley Hill Deer & Trout Farm, Inc., and Bayley's Campground, Inc. ("Defendants"), alleging that Defendants violated Sections 301(a) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1344;

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States at the "Ross Road Site," located in the towns of Scarborough and Old Orchard Beach, Maine, and the "Campground Site," located in the town of Scarborough, Maine, (collectively, the "Sites," and more fully described in the Complaint), without authorization by the United States Department of the Army ("the Corps");

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims under the CWA set forth in the Complaint regarding the Sites;

WHEREAS, the United States and Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Defendants in this case; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Defendants in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

WHEREAS, nothing in this Consent Decree shall be deemed an admission by Defendants of any violation of the Clean Water Act or other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

2.      Venue is proper in the District of Maine pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, the subject property is located in this District, the violations alleged in the Complaint occurred in this District, and the penalty sought by the United States accrued in this District.

3.      The Complaint states claims upon which relief can be granted pursuant to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

## II. APPLICABILITY

4.      The obligations of this Consent Decree (including Appendix A and the Ross Road Site and Campground Site Work Plans prepared and approved thereunder) shall apply to and be binding upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.  Defendants shall provide a copy of this Consent Decree, Appendix A, and the Ross Road Site and Campground Site Work Plans prepared and approved thereunder, to all officers, directors, employees, and agents who are responsible for compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree.  Defendants shall condition any contract for performance of the work on conformity with the terms of this Consent Decree, Appendix A and the Ross Road Site and Campground Site Work Plans.  In any action to enforce this Consent Decree against a Defendant, the Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with the Defendant, to take any actions necessary to comply with the provisions hereof.

5.      The transfer of ownership or other interest in any portion of the Sites shall not alter or relieve Defendants of their obligation to comply with all of the terms of this Consent Decree.  At least thirty (30) days prior to the transfer of ownership or other interest in the Sites, the party making such transfer shall provide written notice and a true copy of this Consent Decree to its successors in interest and shall simultaneously notify the United States at the addresses specified in Section XI below that such notice has been given.  As a condition to any such transfer, the Defendant making the transfer shall reserve all rights necessary to comply with the terms of this Consent Decree.

### III. SCOPE OF CONSENT DECREE

6.     This Consent Decree shall constitute a complete and final settlement of all civil CWA Sections 301(a) and 404 claims alleged in the Complaint against Defendants concerning the Sites.

7.     It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251.  All plans, studies, construction, remedial maintenance, monitoring programs, and other obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Defendants to achieve and maintain full compliance with, and to further the purposes of, the CWA.

8.     Defendants' obligations under this Consent Decree are joint and several.

9.     Except as in accordance with this Consent Decree, Defendants are enjoined from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations.

10.     This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law.  Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree limit the EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).  Any discharge of dredged and/or fill material necessary for work required by this Consent Decree shall be consistent with the requirements of Appendix A.

11.     This Consent Decree in no way affects or relieves Defendants of their responsibility to comply with any applicable federal, state, or local law, regulation or permit.

12.     This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

13.    The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

14.    Except as set forth in Paragraphs 1 and 2, supra, nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV. CIVIL PENALTIES

15.    Defendants shall pay a civil penalty to the United States in the amount of Two Hundred and Twenty-Seven Thousand, Five Hundred Dollars ($227,500), in accordance with the following schedule:

a.   on or before 30 days after the Effective Date, Defendants shall pay to the United States the sum of $113,750; and

b. on or before 6 months after the Effective Date, Defendants shall pay to the United States the sum of $113,750, plus interest on said sum accruing from the Effective Date to the date of payment, at the rate specified in 28 U.S.C. § 1961 as of the Effective Date.  Interest shall be computed daily and compounded annually.

16.    Defendants shall make the above-referenced payment by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2014V00147, EPA Region I and the DOJ case number 90-5-1-1-19988.  Payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Maine.  Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

17.    Upon payment of the civil penalty required by this Consent Decree, Defendants shall provide written notice, at the addresses specified in Section XI of this Consent Decree, that such payment was made in accordance with Paragraph 16.

18.    Civil penalty payments pursuant to this Consent Decree (including stipulated penalty payments under Section X) are penalties within the meaning of Section 162(f) of the

Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law.

## V. RESTORATION, MITIGATION AND PRESERVATION

19.     Defendants shall perform restoration, mitigation, and preservation projects under the terms and conditions stated in Appendix A appended hereto and in accordance with the Ross Road Site and Campground Site Work Plans approved thereunder, all of which are incorporated herein into this Consent Decree by reference.  The parties acknowledge and agree that the objective of such restoration, mitigation, and preservation projects is to restore and replace the lost ecological functions and services of the alleged filled and disturbed wetlands, streams, and other waters described in the Complaint.

20.     Upon completion of the terms and conditions of Appendix A, Defendants shall comply with all use restrictions identified in Appendix A.

21.     As partial compensatory mitigation, Defendants shall establish the enforceable conservation easements identified in Appendix A (the "Ross Road Site Conservation Easement" and the "Campground Site Conservation Easement") in accordance with the schedule set forth in Appendix A.

22.      Where any compliance obligation under this Section and Appendix A requires Defendants to obtain a federal, state, or local permit or approval, Defendants shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.  Defendants may seek relief under the provisions of Section IX of this Consent Decree (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation, if Defendants have submitted timely and complete applications and have taken all other actions necessary to obtain all such permits or approvals.

## VI. NOTICES AND OTHER SUBMISSIONS

23.     Defendants shall provide EPA and the United States Department of Justice with written reports at the addresses specified in Section XI below and in accordance with the

requirements of and schedule in Appendix A and the Ross Road Site and Campground Site Work Plans.

24.     In all notices, documents or reports submitted to the United States pursuant to this Consent Decree, Defendants shall, by signature of a senior management official, certify such notices, documents and reports as follows:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Signature by any one Defendant shall satisfy this requirement on behalf of and bind all Defendants.

## VII. RETENTION OF RECORDS AND RIGHT OF ENTRY

25.     Until termination of this Consent Decree, Defendants shall preserve and retain all records and documents now in their possession or control or which come into their possession or control that relate in any manner to the performance of the tasks in Appendix A, regardless of any corporate retention policy to the contrary.  Until termination of this Consent Decree, Defendants shall also instruct their contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to the performance of the tasks in Appendix A.

26.     At the conclusion of the document retention period, Defendants shall notify the United States at least 90 days prior to the destruction of any such records or documents, and upon request by the United States, Defendants shall deliver any such records or documents to EPA.  Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If

the United States requests delivery of Defendants' records or documents and Defendants assert such a privilege, Defendants shall provide the United States with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants.  However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

27.    Until termination of this Consent Decree, the United States and its authorized representatives and contractors shall have authority at all reasonable times, upon advance reasonable notice and upon presentation of credentials, to enter the Ross Road Site and Campground Site to:

> 1)  Inspect the Sites and monitor the activities required by this Consent Decree;
>
> 2)  Verify any data or information submitted to the United States in connection with the Sites or pursuant to this Consent Decree;
>
> 3)  Obtain samples and, upon request, splits of any samples taken by Defendants or their representatives, contractors, or consultants;
>
> 4)  Obtain documentary evidence, including photographs and similar data;
>
> 5)  Assess Defendants' compliance with this Consent Decree; and,
>
> 6)  Inspect and review any records required to be kept under the terms and conditions of this Consent Decree.

28.    Upon request, Defendants shall provide EPA or their authorized representatives splits of any samples taken by Defendants.  Upon request, EPA shall provide Defendants splits of any samples taken by EPA.

29.    This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to

8

maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VIII. DISPUTE RESOLUTION

30.     This Section shall govern all disputes arising with respect to the meaning or requirements of this Consent Decree. This Section does not govern disputes concerning EPA's comments on, modification of, approval of, or disapproval of the Ross Road Site Work Plan and the Campground Site Work Plan (or other item required to be submitted under Appendix A), which are governed by the dispute resolution procedures in Appendix A.

31.     Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and Defendants affected by the dispute to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond thirty (30) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties. If a dispute between the United States and Defendants cannot be resolved by informal negotiations, then the position advanced by the United States shall be considered binding unless, within fourteen (14) days after the end of the informal negotiations period, Defendants file a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The United States shall have thirty (30) days to respond to the motion. In resolving any such dispute, Defendants shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree and the CWA, and that Defendants' position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

32.     If the United States believes that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the thirty (30) day period for informal negotiations. Defendants shall have fourteen (14) days to respond to the motion and

propose an alternate resolution.  In resolving any such dispute, Defendants shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree, and that Defendants' position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

33.     The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Defendants under this Consent Decree as a result of such filing, except as provided in Paragraph 41 below regarding payment of stipulated penalties; however, Defendants reserve the right to seek a judicial stay of any obligation under the Consent Decree relating to the dispute pending judicial resolution of the dispute, and the United States reserves the right to oppose any request for a judicial stay.  In seeking a stay, Defendants shall demonstrate that the stay shall not pose or increase a threat of harm to the public or the environment.

IX. <u>FORCE MAJEURE</u>

34.     Defendants shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event.  A Force Majeure event is defined as any event arising from causes beyond the control of Defendants, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period.  A Force Majeure event does not include, <u>inter  alia</u>, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of the Sites, or failure to obtain federal, state or local permits, unless, as described in Paragraph 22, Defendants have submitted timely and complete applications and have taken all other actions necessary to obtain all such permits or approvals.

35.     If Defendants believe that a Force Majeure event has affected Defendants' ability to perform any action required under this Consent Decree, Defendants shall notify the United

10

States in writing within seven (7) calendar days after the event at the addresses listed in Section XI.  Such notice shall include a discussion of the following:

    A.    what action has been affected;

    B.    the specific cause(s) of the delay;

    C.    the length or estimated duration of the delay; and

    D.    any measures taken or planned by Defendants to prevent or minimize the delay and a schedule for the implementation of such measures.

Defendants may also provide to the United States any additional information that they deem appropriate to support their conclusion that a Force Majeure event has affected their ability to perform an action required under this Consent Decree.  Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

36.  If the United States determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event.  Defendants shall coordinate with EPA to determine when to begin or resume the operations that had been affected by any Force Majeure event.

37.  If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VIII of this Consent Decree.

38.  Defendants shall bear the burden of proving (1) that the alleged noncompliance at issue was caused by circumstances entirely beyond the control of Defendants and any entity controlled by Defendants, including their contractors and consultants; (2) that Defendants or any entity controlled by Defendants could not have foreseen and prevented such alleged noncompliance; and (3) the number of days of alleged noncompliance that were caused by such circumstances.

## X. STIPULATED PENALTIES

39.     After entry of this Consent Decree, if Defendants fail to timely fulfill any requirement of the Consent Decree (including Appendix A and any Work Plan prepared and approved thereunder), Defendants shall pay a stipulated penalty to the United States for each violation of each requirement as follows:

| | | |
|---|---|---|
| A. | For Day 1 up to and including Day 30 of non-compliance | $1,000.00 per day |
| B. | For Day 31 up to and including 60 of non-compliance | $2,000.00 per day |
| C. | For Day 61 and beyond of non-compliance | $3,000.00 per day |

Stipulated penalties accrue from the date of the violation and payment of such stipulated penalties shall be made no later than thirty (30) days after the United States issues Defendants a written demand.  The method of payment shall be in accordance with the provisions of Paragraph 44 below.

40.     Any disputes concerning the amount of stipulated penalties, or the underlying alleged violation that gives rise to the stipulated penalties, that cannot be resolved by the parties pursuant to the Dispute Resolution provisions in Section VIII and/or the Force Majeure provisions in Section IX shall be resolved upon motion to this Court as provided in Paragraphs 31, 32 and 33.

41.     The filing of a motion requesting that the Court resolve a dispute shall stay Defendants' obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the first day of any alleged failure or refusal to comply with any term or condition of this Consent Decree.  In the event that Defendants do not prevail on the disputed issue, stipulated penalties shall be paid by Defendants as provided in this Section.

42.     To the extent Defendants demonstrate to the Court that a delay or other alleged violation was due to a Force Majeure event (as defined in Paragraph 34 above) or otherwise prevail on the disputed issue, the Court shall excuse the stipulated penalties for that delay or non-compliance.

43.     In the event that a stipulated penalty payment is applicable and not made on time, interest will be charged in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961.  The interest shall be computed daily from the time the payment is due until the date the payment is made.  The interest shall also be compounded annually.

44.     Defendants shall make any payment of a stipulated penalty by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2014V00147, EPA Region I and the DOJ case number 90-5-1-1-19988.  Payment shall be made in accordance with instructions provided to Defendants by the Financial Litigation Unit of the United States Attorney's Office for the District of Maine.  Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Further, upon payment of any stipulated penalties, Defendants shall provide written notice, at the addresses specified in Section XI of this Decree.

45.     The United States may, in its sole and unreviewable discretion, suspend, mitigate, or waive any stipulated penalty owed under this Section.

46.     Nothing in this Decree, including but not limited to the provisions of this Section, shall be construed to preclude or limit the right of the United States to seek sanctions for contempt of this Decree or any order to enforce this Decree, provided, however, that the amount of any additional civil penalties sought or assessed pursuant to Section 309 of the CWA, 33 U.S.C. § 1319, for any alleged violations of this Consent Decree shall be reduced by the amount of any stipulated penalties actually paid by Defendants for the same violation.

XI. <u>ADDRESSES</u>

47.     All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

A.     <u>TO EPA</u>:

(1)     Laura Beveridge
        Enforcement Counsel
        U.S. Environmental Protection Agency, Region 1
        5 Post Office Square
        Suite 100, OES04-3
        Boston, MA 02109
        Beveridge.Laura@epa.gov

(2)     Denise Leonard
        Wetlands Enforcement Section
        U.S.  Environmental Protection Agency, Region 1
        5 Post Office Square
        Suite 100, OES04-1
        Boston, MA 02109
        Leonard.Denise@epa.gov

B.     <u>TO THE UNITED STATES DEPARTMENT OF JUSTICE</u>

        Amy J. Dona
        Environmental Defense Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044
        amy.dona@usdoj.gov

D.     <u>TO DEFENDANTS</u>:

        Gene Libby
        Libby O'Brien Kingsley & Champion, LLC
        62 Portland Road, Suite 17
        Kennebunk, ME  04043
        glibby@lokllc.com

48.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

14

49.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII. COSTS OF SUIT

50.     Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action; however, the United States reserves the right to seek costs (including attorneys' fees) incurred in any action necessary to enforce this Consent Decree, and Defendants reserve the right to oppose any request for such costs.

## XIII. PUBLIC COMMENT

51.     The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment.  The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate.  Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

## XIV. CONTINUING JURISDICTION OF THE COURT

52.     This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree.

## XVI. EFFECTIVE DATE

53.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV. MODIFICATION

54.     Upon its entry by the Court, this Consent Decree (including Appendix A) shall have the force and effect of a final judgment.  Any modification of this Consent Decree (including Appendix A) shall be in writing, and shall not take effect unless signed by both the United States and Defendants and approved by the Court.  This Section does not govern modifications of the Ross Road Site Work Plan and the Campground Site Work Plan (or other item required to be submitted under Appendix A).

## XVI. TERMINATION

55.     Except for Paragraph 21, this Consent Decree may be terminated by either of the following:

A.     Defendants and the United States may at any time make a joint motion to the Court for termination of this Decree or any portion of it; or

B.     Defendants may make a unilateral motion to the Court to terminate this Decree after each of the following has occurred:

1.     Defendants have attained and maintained compliance with all provisions of this Consent Decree, including Appendix A and any Work Plan prepared and approved thereunder,  for twelve (12) consecutive months;

2.     Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

3.     Defendants have certified compliance pursuant to subparagraphs 1 and 2 above to the Court and all Parties; and

4.     within forty-five (45) days after receiving such certification from Defendants, has not contested in writing that such compliance has been achieved. If EPA disputes Defendants' full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

## XV. SIGNATORIES/SERVICE

56.     Each undersigned representative of Defendants, the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, and the Environmental Protection Agency certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

57.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendants agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVI. INTEGRATION

58.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, other than deliverables that are subsequently submitted and approved pursuant to this Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVII. FINAL JUDGMENT

59.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendants.

## XVIII. APPENDIX

60.     The following Appendix is attached to and part of this Consent Decree: "Appendix A" is the "Scope of Work for Wetland Restoration, Mitigation and Preservation, Bayley Sites."

IT IS SO ORDERED.

Dated and entered this 18th day of November, 2016.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


ON BEHALF OF THE UNITED STATES:


Date: November 16, 2016          JOHN C. CRUDEN
                                 Assistant Attorney General


                                 /s/ Amy J. Dona
                                 AMY J. DONA
                                 U.S. Department of Justice
                                 Environment and Natural Resources Division
                                 Environmental Defense Section
                                 P.O. Box 7611
                                 Washington, D.C. 20044
                                 (202) 514-0223


Date: November 16, 2016          THOMAS E. DELAHANTY II
                                 United States Attorney
                                 District of Maine

                                 /s/ John G. Osborn
                                 JOHN G. OSBORN
                                 Assistant United States Attorney
                                 District of Maine
                                 100 Middle Street, East Tower, 6th Floor
                                 Portland, ME 04101
                                 (207) 780-3257

Date: <u>September 19, 2016</u>          */s/ Mark Pollins*
                                           Mark Pollins
                                           Division Director
                                         Water Enforcement Division
                                         Office of Civil Enforcement
                                         Office of Enforcement and Compliance Assurance
                                         United States Environmental Protection Agency
                                         1200 Pennsylvania Avenue, N.W.
                                         Washington, D.C.  20460

Date: <u>September 8, 2016</u>          */s/ Ben Bahk*
          Ben Bahk
          Branch Chief, Industrial Branch
          Water Enforcement Division
          Office of Civil Enforcement
          Office of Enforcement and Compliance Assurance
          United States Environmental Protection Agency
          1200 Pennsylvania Avenue, N.W.
          Washington, D.C.  20460

Date: <u>September 16, 2016</u>          */s/ James Vinch*
          James Vinch
          Attorney
          Water Enforcement Division
          Office of Civil Enforcement
          Office of Enforcement and Compliance Assurance
          United States Environmental Protection Agency
          1200 Pennsylvania Avenue, N.W.
          Washington, D.C.  20460

Date: <u>September 20, 2016</u>         */s/ Susan Studlien*
                                     Susan Studlien
                                     Director, Office of Environmental Stewardship
                                     U.S. Environmental Protection Agency – Region 1
                                     5 Post Office Square
                                     Suite 100, OES04-2
                                     Boston, MA 02109


Date: <u>September 27, 2016</u>         */s/ Laura Beveridge*
                                     Laura Beveridge
                                     Enforcement Counsel
                                     U.S. Environmental Protection Agency – Region 1
                                     5 Post Office Square
                                     Suite 100, OES04-3
                                     Boston, MA 02109

ON BEHALF OF DEFENDANTS:


Date: <u>September 15, 2016</u>          <u>*/s/ Fred L. Bayley*</u>
                                        FKT Resort Management LLC
                                        By:
                                        General Partner


Date: <u>September 15, 2016</u>          <u>*/s/ Fred L. Bayley*</u>
                                        FKT Bayley Family Limited Partnership
                                        By:
                                        General Partner


Date: <u>September 15, 2016</u>          <u>*/s/ Fred L. Bayley*</u>
                                        Fred W. Bayley


Date: <u>September 15, 2016</u>          <u>*/s/ Kathleen M. Bayley*</u>
                                        Kathleen M. Bayley


Date: <u>September 15, 2016</u>          <u>*/s/ Thomas R. Bayley*</u>
                                        Thomas R. Bayley


Date: <u>September 15, 2016</u>          <u>*/s/ Fred L. Bayley*</u>
                                        Bayley Hill Deer & Trout Farm, Inc.
                                        By:
                                        President


Date: <u>September 15, 2016</u>          <u>*/s/ Fred L. Bayley*</u>
                                        Bayley's Campground, Inc.
                                        By:
                                        President